# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ROBERT S. POPE,

    Debtor.

Case No. 10-19688-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE was before the court on February 14, 2011, on the debtor's motion to approve a reaffirmation agreement with SunTrust Mortgage, Inc. The reaffirmation agreement proposes to reaffirm a loan secured by a deed of trust on the debtor's primary residence on its original terms. The outstanding principal amount of the debt is $325,606.41. There are 328 remaining monthly payments of $2,494.17 each.

Prior to 2005, a debtor had the right in the Fourth Circuit to continue to make payments on a debt that was current and retain the property that was collateral for the debt without redeeming the property or reaffirming the debt. This was commonly called the ride-through. *Home Owners Funding Corp. of Am. v. Belanger (In re Belanger),* 962 F.2d 345 (4th Cir.1992). In 2005, Congress amended the Bankruptcy Code and modified the ride-through option. *DaimlerChrysler Financial Services Americas, LLC v. Jones (In re Jones),* 591 F.3d 308 (4th Cir.2010). The 2005 amendments did not modify the ride-through as it applied to debts secured by real property. *In re Lopez,* 440 B.R. 447 (Bankr.E.D.Va.2010).

Normally, residential real estate loans are not reaffirmed because of the ride-through option. The creditor may not enforce the deed of trust as long as the payments are current. The court will approve reaffirmation agreements of real estate loans when there is no undue hardship and there

is other consideration. Here, the debtor's budget does not permit the pay the debt. He must rely on his non-filing spouse in order to make the mortgage payment. The reaffirmation agreement cover sheet is incomplete because it does not contain the current market value of the property. However, the debtor scheduled the property with a value of $304,300 in Schedule A, Real Property. This value is less than the amount to be reaffirmed.

The debtor appeared at the hearing and stated that he wanted to reaffirm the debt so that he could apply for a loan modification. He stated that SunTrust Mortgage would not entertain a loan modification until he had reaffirmed the debt. If accurate, the requirement is improper. There is no assurance – or even indication – that a loan modification consistent with the debtor's financial circumstances will be forthcoming. The court will not approve reaffirmation agreements when the approval of the reaffirmation agreement is a condition precedent to a mortgage company entertaining a loan modification. The court may approve reaffirmation agreements for mortgages when there is a loan modification, but only as a part of the loan modification process. After the parties have come to an agreement on the loan modification, the modified loan may be approved by the court through a reaffirmation agreement. When the terms as modified and are within the debtor's budget, the concessions given by the lender are valuable consideration and may justify reaffirming a debt that may not otherwise be required to be reaffirmed.

The proposed reaffirmation agreement will not be approved. The loan modification is not assured and there is an undue hardship on the debtor and his dependents. The parties my submit a revised reaffirmation agreement if there is a mutual agreement on an appropriate loan modification.

Alexandria, Virginia
February 17, 2011

                                                /s/ Robert G. Mayer
                                                Robert G. Mayer
                                                United States Bankruptcy Judge

Copy electronically to:                Copy mailed to:

Gordon P. Peyton                     Robert S. Pope
                                                24730 Clock Tower Square
                                                Aldie, Virginia 20105

                                                SunTrust Mortgage, Inc.
                                                Attn: Kaitlin Sutherland
                                                1001 Semmes Avenue
                                                Richmond, Virginia 23224

16653